Patricia Cymerman (SBN 194709)
LAW OFFICE OF PATRICIA CYMERMAN
433 North Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone: 310-550-1968
Fax: 310-550-1968
e-mail: prcymerman@gmail.com

Michael S. Winsten (SBN 126554
WINSTEN LAW GROUP
27201 Puerta Real, Suite 465
Mission Viejo, CA 92691
Telephone: 949-429-3400
Fax: 949-429-3500
e-mail: mike@winsten.com

Attorneys for Defendants Robert D. Manning,
and Responsible Debt Relief Institute
and Defendants, Counterclaimants and Third
Party Claimants Newtonian Finances, Ltd. and DebtorWise Foundation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLE GROUP, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br>　　　v.<br>ROBERT D. MANNING, an individual; et al.,<br>　　　　　Defendants. .<br>NEWTONIAN FINANCES, LTD., a Maryland corporation, et al.<br>　　　　　Counterclaimants,<br>　　　　　Third Party Claimants<br>　　　v.<br>COLE GROUP, INC., a Nevada corporation; et al.,<br>　　　　　Counter Defendants,<br>　　　　　Third Party Defendants. | Case No. CV-12-0104 RGK (FFMx)<br>Honorable R.Gary Klausner<br><br>[Assigned for Discovery Purposes to the Honorable Frederick F. Mumm, United States Magistrate Judge]<br><br>**[PROPOSED]** PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY COURT** |

- 1 -

**[PROPOSED] PROTECTIVE ORDER**

      The Court having received the parties' Joint Stipulation, and good cause appearing therefor, IT IS HEREBY ORDERED AS FOLLOWS:

      1.    This Protective Order shall remain in full force and effect unless modified by an order of the Court or by a written stipulation of the parties filed with the Court.  Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this litigation, subject to further order of the Court.

      2.    Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further and additional protective orders as the Court may deem appropriate.  Further, nothing in this Protective Order shall preclude or limit a party's use of its own documents, or preclude or limit a party's use of documents obtained independently.

      3.    Nothing in this Protective Order shall alter or supersede any prior stipulation or protective order between the parties~~, including the Protective Order in the case titled *Cole Asia Business Center, Inc. v. Robert Manning*, United States District Court Case Number CV-12-00956-DDP ("Cole Asia Action") and the Stipulated Protective Order Relating to Aurora Law Group in the instant case (which was recently signed and will be lodged with the Court)~~.  **(FFM)**  To the extent that any party previously designated or will designate any material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to these other aforementioned stipulated protective orders, the receiving parties are bound by such designations notwithstanding this Protective Order.  If any material was or is designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to prior stipulations and/or protective orders including in the Cole Asia Action, such designations are still binding in the instant case.

      4.    Any party to this litigation or any third party who submits to the jurisdiction of this Court for the purpose of interpretation and enforcement of this Protective Order ("Producing Third Party"), who, in discovery or otherwise,

produces or discloses any item, including without limitation any document, thing, interrogatory answer, deposition testimony, information or admission ("Material") (collectively, "Designating Party"), may designate the same as:

    a.    "CONFIDENTIAL" where such Material contains competitively sensitive information or other confidential information the present disclosure of which would, in the good-faith judgment of the Designating Party, be unfairly detrimental to the Designating Party in the conduct of its business; or

    b.    "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER DATED NOVEMBER 2, 2012" (also referred to in this Protective Order as "AEO") where such Material meets the requirements of items designated as "CONFIDENTIAL" and, in addition, the disclosure of the Material or information contained in it to the other party poses an unfair and unreasonable risk of material harm to the Designating Party (or in the case of a Producing Third Party Designating Party, if disclosure of the Material or information contained in it to either or both parties poses an unfair and unreasonable risk of material harm to the Designating Party).  All documents ordered to be produced to Plaintiff by this Court's November 2, 2012 Order shall be "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER DATED NOVEMBER 2, 2012".

    5.    CONFIDENTIAL and AEO Materials (collectively, "Confidential Material") shall be designated and marked in the following manners:

    a.    Documents: The Designating Party may designate documents as CONFIDENTIAL OR AEO by producing or serving copies of the document marked with a legend or stamp reading "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER DATED NOVEMBER 2, 2012."  Such legend or stamp need only be placed on the first page of each document so designated.

      b.    Magnetic Media: Where material is produced in a magnetic medium (such as floppy diskette or other computer disc, or tape), the diskette, tape, or other medium container shall be marked as set forth above.

      c.    Physical Exhibits: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above

      d.    Deposition Testimony: Testimony taken at a deposition may be designated as CONFIDENTIAL or AEO by counsel for any party (or any witness or counsel for such a witness) who makes a statement to that effect on the record at the deposition, or, alternatively, by notifying all parties to the action in writing that specific testimony, identified by page and line numbers, is CONFIDENTIAL OR AEO, within ten (10) working days of counsel's receipt of the deposition transcript. Deposition testimony and transcripts shall be treated as CONFIDENTIAL in their entirety until receipt of written notice as provided above or the expiration of the ten working day period for giving such notice, whichever is earlier.

6.    Any Materials produced in discovery by a person or entity not a party to this action may be designated as CONFIDENTIAL OR AEO by a party to this action, or by the producing third-party, by marking it in accordance with Paragraph 5 the time of production.

7.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.  Confidential Material may be used only for the purposes of this litigation, and for no other purpose, and be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following persons ("Qualified Persons"):

a. Parties and officers, directors, partners or employees of a party, and affiliates of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. Experts and consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action (for the purposes of this Protective Order, "expert" and "consultant" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or of a competitor's of a party);

c. Court reporters employed in this action;

d. Witnesses at any deposition or other proceeding in this action;

e. As to any specific item of Confidential Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

f. Any other person as to whom all of the parties agree in writing.

However, prior to disclosing any Confidential Material to any "Qualified Person" described in sub-paragraphs (b) and (d) (but not including sub-paragraph (e)), the party wishing to so disclose Confidential Material shall provide such Qualified Person with a copy of this Order, and such Qualified Person shall complete and sign an Undertaking Pursuant to Protective Order in the form of Attachment "A", and the party wishing to so disclose Confidential Material shall provide a copy of the completed and signed Undertaking to counsel for the Designating Party as well as counsel for the party(ies) seeking disclosure in this action. The original Undertaking shall be maintained by counsel for the disclosing party.

8. Materials or information designated by any party as "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER DATED NOVEMBER 2, 2012" shall be restricted to the following persons on behalf of the receiving party:

    a. Frank A. Conner of Wordes, Wilshin & Conner;

    b. Court personnel and stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

    c. Outside experts who are reasonably necessary to assist counsel for any party in the preparation for trial and/or trial of this action (for the purposes of this Protective Order, "expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness in this action and who is not a past or current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or of a competitor's of a party);

    d. As to any specific item of AEO Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

    e. Any other person as to whom all of the parties in writing agree. However, prior to sharing any AEO Material with any "Qualified Person" described in sub-paragraph (c), the party wishing to disclose AEO Material to such person must provide five (5) working days' written notice to the attorneys for the other side and for the Designating Party of the intent to disclose AEO Material to such person. Such notice shall include a copy of such person's curriculum vitae and shall include information sufficient to determine such person's qualifications, current and prior business affiliations, and any current or prior work performed for actual or potential competitors of the Designating Party whose AEO Material is

sought to be disclosed so as to permit that party to determine whether grounds exist for objecting to such disclosure.  If no objection is received within five (5) working days, the party wishing to disclose AEO Material may do so, provided that the person to whom the disclosure is made is provided with a copy of this Order and completes and signs an Undertaking in the form of Attachment "A" and a copy of the completed and signed Undertaking is provided to counsel for the Designating Party as well as counsel for the party(ies) seeking disclosure in this action.  The original Undertaking shall be maintained by counsel for the disclosing party.  If an objection is received within five (5) days, then no disclosure may be made until the objection is resolved by Order of the Court or written agreement of the Designating Party.

In-house counsel for the parties shall not have access to materials designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER DATED NOVEMBER 2, 2012".  Nor shall such materials be produced to or shared with Aurora Talavera, who is "in-house" for Access Counseling, Inc. ("Access") because Access is not entitled to this information as it is not making any claims with regard to any software~~, and other considerations (*e.g.,* Defendants contend that Ms. Talavera has conflicts of interest and she was disqualified from representing Access in the Cole Asia Action)~~.  **(FFM)**

9. All material produced by any party pursuant to pretrial discovery in this action which is designated by the Designating Party as containing or comprising source code, if any is required to be produced by this Court's November 2, 2012 Order, shall be subject to the restrictions contained in Paragraph 8, above, for AEO Material.  In addition, the following restrictions shall apply, absent contrary agreement among the parties, to ensure secure access to source code:

1           a.     A single electronic copy of material containing source code or executable code shall be made available for inspection, if there is any that is required to be produced pursuant to this Court's November 2, 2012 Order.

         b.     Source code or material containing source code may not be printed or copied**, other than as inherent in uploading one copy to a stand-alone computer without internet access located in a secure location at the business of plaintiff's expert, (FFM)** without the agreement of the Designating Party or further order of the Court.

    10.     If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and submitted for filing under seal in accordance with Local Rule 79-5.1 until further order of this Court or redacted to the satisfaction of the party designating such information as confidential or Highly Confidential Information.

    ~~Any~~ **To the extent the Court grants an application to file any** documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY **under seal, the documents or other information** ~~, which are filed with the Court for any purpose~~ shall be filed in a sealed envelope and marked with the title of the action and a statement substantially in either of the following forms, as appropriate **(FFM)**:

    "CONFIDENTIAL. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

    or

    "CONFIDENTIAL - ATTORNEYS ONLY. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE

OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

To the extent practicable, CONFIDENTIAL and AEO Material shall be filed separately or in several portions of filed papers, so that the non-confidential portions may be disseminated freely.  No Confidential Material shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in the Court except as provided for in this paragraph.  The parties shall comply with Local Rule 79-5.

11. Failure to designate Confidential Materials in accordance with this Protective Order shall not preclude such a designation at a later date by giving written notice to opposing counsel.  This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

12. In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" is used in any court proceedings in connection with this litigation, ~~it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" status through such use, and~~ **(FFM)** the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. This Protective Order shall not waive any objections otherwise available and shall be without prejudice to the right of any party to oppose production of any information on any such grounds, such as lack of timeliness or relevance.

14. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of

any such document or information or altering any existing obligation of any party or the absence thereof.

15. The parties are not intending to waive any and all rights as to the trade secret, confidential, proprietary and/or privilege nature of any such records by permitting access to the records.

16. The parties agree that providing of any documents or other materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute an admission by any party that such documents or information would be admissible evidence at trial.

17. Promptly, and no later than thirty (30) days after final termination of this action by judgment, settlement, or otherwise, all Confidential Material furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, exhibits marked in discovery or at trial and materials which in the judgment of the attorney in possession of the materials are work product materials, shall be delivered to the counsel for the Designating Party or shall be destroyed and written certification of such destruction provided to counsel for the Designating Party unless the Designating Party agrees otherwise in writing. The above described pleadings, exhibits, and work product materials, may be retained in confidence under the terms of this Protective Order by outside counsel for each party.

18. Upon approval by the Court, this Protective Order shall govern further discovery in this case.

19. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

1    **20.    Nothing herein shall be construed as relieving any party from its obligation to fully comply with a duly authorized subpoena or other process issued by a court or administrative body.  (FFM)**

    IT IS SO ORDERED.


Dated:  November 14, 2012            /S/ FREDERICK F. MUMM
                                     FREDERICK F. MUMM
                                     United States Magistrate Judge

**[PROPOSED] PROTECTIVE ORDER**

# ATTACHMENT A

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER

The undersigned acknowledges receipt and review of this Protective Order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "CONFIDENTIAL" [and "CONFIDENTIAL ATTORNEYS' EYES ONLY"] Material as defined therein, and agrees to be bound by the terms of such Order.Upon the termination of this lawsuit, the undersigned also agrees to return or dispose of all such Confidential Material, including all copies or notes thereof, as provided in the Order.  The undersigned hereby consents to the jurisdiction of that Court for purposes of enforcing this Order.

DATED: _____     _____

Type or Print Name: _____

Address: _____

Telephone Number: _____