UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLE GROUP, INC., a Nevada corporation,<br>　　　　　Plaintiff,<br>　v.<br>ROBERT D. MANNING, an individual; et al.,<br>　　　　　Defendants.<br>NEWTONIAN FINANCES, LTD., a Maryland corporation, et al.<br>　　　　　Counterclaimants,<br>　　　　　Third Party Claimants<br>　v.<br>COLE GROUP, INC., a Nevada corporation; et al.,<br>　　　　　Counter Defendants,<br>　　　　　Third Party Defendants. | Case No. CV 12-104 RGK (FFMx)<br>Honorable R. Gary Klausner<br><br>[Assigned for Discovery Purposes to the Honorable Frederick M. Mumm, United States Magistrate Judge]<br><br>STIPULATED PROTECTIVE ORDER RELATING TO AURORA LAW GROUP<br><br>**NOTE CHANGES MADE BY COURT** |

RECITALS

　　The purpose of this Stipulation is to enter into a Stipulated Protective Order between Defendants Robert D. Manning, and Responsible Debt Relief Institute and Defendants, Counterclaimants and Third Party Claimants Newtonian Finances, Ltd. and DebtorWise Foundation ("Parties Represented by Attorneys Patricia Cymerman and Michael Winsten") and Third Party Defendant Access Counseling, Inc. ("Access"; "Party Represented by Aurora Talavera").

1. On August 14, 2012, DebtorWise Foundation filed a Motion to Disqualify Ms. Talavera and Aurora Law Group as counsel for Access in this case ("Motion to Disqualify Counsel"). The Motion to Disqualify Counsel denied on October 9, 2012. However, in a parallel case involving many of the same parties, entitled *Cole Asia Business Center, Inc. v. Robert Manning and Debtor Wise Foundation* and Related Counterclaims and Third Party Claims, United States District Court Case Number CV-12-00956-DDP, the District Court disqualified Ms. Talavera from representing Access Counseling, Inc. due to a conflict of interest on similar facts. In order to facilitate discovery in this case, and with all parties reserving all rights, and waiving none, with respect to the issues raised by the conflicting rulings on Ms. Talavera's conflicts of interest, since Ms. Talavera is "in-house" counsel for Access Counseling, Inc., and on the Board of Directors of Access Counseling, Inc. and at least one trial court has ruled she has a conflict of interest with Manning and DebtorWise, she has agreed to strictly abide by all confidentiality provisions in this Stipulation and Order, including "Attorney's Eyes Only" provisions.

2. In order to facilitate the exchange of documents, the parties agree to enter into an interim stipulated protective order.

3. The parties agree that, regardless of the outcome on the Motion to Disqualify Counsel, this interim protective order shall remain in full force and effective until such time as the parties agree to a subsequent protective order or until this Court has issued a subsequent protective order.

4. Subject to the approval of this Court, the parties hereby stipulate to the following interim protective order:

## STIPULATION AND ORDER

1. In connection with the production of documents made pursuant to this interim protective order, the parties shall designate documents, or other information derived therefrom, as "Confidential" under the terms of this Interim

Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Any document or other information derived therefrom which identifies customers (including law firms or individual customers/clients) shall be considered confidential, whether or not it is stamped "CONFIDENTIAL".  Unless further designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to paragraph 6, any document or other information derived therefrom which identifies customers (including law firms or individual consumers/clients) shall be treated as confidential and all provisions of paragraph 4 and 5 shall be followed.  Any document and information derived therefrom which identifies an individual consumer/client is entitled to the utmost care and their name and/or personal information must be redacted or filed under seal if it is to be

filed with the Court.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action (for the purposes of the interim stipulated protective order, "expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or of a competitor's of a party);

    c. court reporter(s) employed in this action;

    d. a witness at any deposition or other proceeding in this action; and

    e. any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in

1  the form of Attachment A, a copy of which shall be provided forthwith to counsel
2  for each other party and for the parties.
3      6.  The parties may further designate certain discovery material of a
4  highly confidential and/or proprietary nature as "CONFIDENTIAL--
5  ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in
6  the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material,
7  and the information contained therein, shall be disclosed only to the Court, to
8  counsel for the parties (including the paralegal, clerical, and secretarial staff
9  employed by such counsel except as noted below with regard to Ms. Talavera's
10 staff), and to the "qualified persons" listed in subparagraphs 5(b) through (e)
11 above, but shall not be disclosed to a party, or to an officer, director or employee of
12 a party, unless otherwise agreed or ordered (with the exception of Ms. Talavera
13 who is a director and employee of Access but represents and warrants that she is
14 acting solely in her capacity as an attorney for Access in this litigation.  Ms.
15 Talavera represents and warrants that she will not disclose any "Attorney's Eyes
16 Only Material" to any officer, director or employee of a party including but not
17 limited to Access.  Ms. Talavera also may not disclose any Attorney's Eyes Only
18 Material to paralegal, clerical and secretarial staff that she employs or utilizes who
19 is also employed by, utilized by, or works as an independent contractor for, any
20 other party (including without limitation, Adam Rodman who Ms. Talavera
21 contends is her "independent contractor" and an "independent contractor" for Cole
22 Group, Inc. and all other shared staff who perform duties for any of the parties.)  If
23 disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all
24 other provisions in this order with respect to confidentiality shall also apply.
25     7.  Nothing herein shall impose any restrictions on the use or disclosure
26 by a party of material obtained by such party independent of discovery in this
27 action, whether or not such material is also obtained through discovery in this
28 action, or from disclosing its own Confidential Material as it deems appropriate.

- 5 -

STIPULATED PROTECTIVE ORDER RELATING TO AURORA LAW GROUP

8. In the event that the producing party or a third party fails to designate a document or testimony as Confidential Information or Attorney's Eyes Only, that party or third party, or any party, may make such a designation subsequently by notifying the other parties in writing as soon as practicable. Until such notification, however, disclosure of any such document or testimony shall not constitute a violation of this Interim Stipulated Protective Order.

9. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and submitted for filing under seal in accordance with Local Rule 79-5.1 until further order of this Court or redacted to the satisfaction of the party designating such information as confidential or Highly Confidential Information.

10. In the event that any Confidential Material is used in any court proceeding in this action, ~~it shall not lose its confidential status through such use, and~~ **(FFM)** the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court in compliance with Local Rule 37 the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an

admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. The parties are not intending to waive any and all rights as to the trade secret, confidential, proprietary and/or privilege nature of any such records by permitting access to the records.

14. This Interim Stipulated Protective Order shall not waive any objections otherwise available and shall be without prejudice to the right of any party to oppose production of any information on any such grounds, such as lack of timeliness or relevance.

15. Nothing in this Interim Stipulates Protective Order shall be deemed to limit or waive any right of any Party or third party to resist or compel discovery with respect to documents which may be claimed to be privileged or otherwise protected or protectable.   Nothing contained in the foregoing provisions of this Interim Stipulated Protective Order shall be deemed to preclude any party or third party at any time from seeking and obtaining from the Court, on an appropriate showing, additional protection, including an order that material shall not be produced at all.

16. Ms. Talavera and Aurora Law Group agree and warrant that they will not provide the documents produced by DebtorWise Foundation and Robert D. Manning which are designated as Attorney's Eyes Only Material or any information derived therefrom to Access or any officer, director, or employee of Access. Ms. Talavera and Aurora Law Group also represent and warrant that they will not disclose any Attorney's Eyes Only Material to paralegal, clerical and secretarial staff that they employ or utilize who is also employed by, utilized by, or works as an independent contractor for, any other party (including without limitation, Adam Rodman who Ms. Talavera contends is her "independent contractor" and an "independent contractor" for Cole Group, Inc. and all other

shared staff who perform duties for any of the parties.)

17. The parties hereto agree to be bound by the terms of this Interim Stipulated Protective Order pending entry of the Order herein.

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

19. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

20. **Nothing herein shall be construed as relieving any party from its obligation to fully comply with a duly authorized subpoena or other process issued by a court or administrative body.  (FFM)**

APPROVED AND SO ORDERED:

Dated:   November 14, 2012

By /S/ FREDERICK F. MUMM
Magistrate Judge Frederick F. Mumm
United States District Magistrate Judge

ATTACHMENT A

NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order enter in *Cole Group, Inc. v. Robert D. Manning, etc., et al.*, United States District Court for the Central District of California, CASE NO. 2:12-cv-0104-RGK, and hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of that Court for purposes of enforcing this Order.

Dated:

_____

STIPULATED PROTECTIVE ORDER RELATING TO AURORA LAW GROUP